Taft, J.,
dissenting. As the statement of the instant case indicates, the indictment charged only that petitioner “did falsely make, forge and counterfeit.” The majority opinion apparently recognizes that the words “forge” and “counterfeit” could not describe the acts with which petitioner was charged. We are therefore only concerned with the portion of the statute quoted at the beginning of the majority opinion (Section 2913.01, Revised Code) and providing that “no person, with intent to defraud, shall falsely make * * * a * * * check” and not with the latter portion relative to uttering or publishing “as true and genuine such false * * * matter” except as that latter part of the statute may indicate the legislative intent with respect to the portion with which we are concerned.
Of course the General Assembly can specify that certain elements will constitute the crime of forgery, even though such elements would not have amounted to forgery at common law. The question still remains whether the General Assembly in Section 2913.01, Revised Code, did specify that what petitioner was charged with doing in the instant case could constitute the crime of forgery. Undoubtedly, what petitioner was charged with doing in the instant case would have amounted to a crime under Section 1115.23, Revised Code, and perhaps under other statutes, but petitioner was indicted only under Section 2913.01, Revised Code.
Here, the so-called “false making” of a “check” with which petitioner was charged was his signing a check with his own name on a bank in which he had no account.
A check is simply a written order addressed by its maker to a bank and directing the bank to pay on demand a sum cer *90 tain in money to the payee or on the order of the payee or to the bearer. Sections 1307.02 and 1305.02, Revised Code. It gives the payee or the bearer to whom it is delivered no right of action against the bank before the bank accepts it. Cincinnati, Hamilton & Dayton Rd. Co. v. Bank, 54 Ohio St., 60, 42 N. E., 700, 56 Am. St. Rep., 700, 31 L. R. A., 653. It is “simply an order which may be countermanded and payment forbidden by the drawer any time before it is actually cashed or accepted.” Op. Cit., 72. If the check is not paid or accepted when presented to the bank an immediate right of recourse against the drawer accrues to its holder. Section 1305.26, Revised Code.
Although the check drawn in the instant case was almost certain to be dishonored by the bank upon which it was drawn, it was exactly what it purported to be, that is, a check drawn by petitioner who signed his own name to it.
As stated in 23 American Jurisprudence, 678, Section 7:
“* * * the term ‘falsely,’ as applied to making * * * a writing in order to make it a forgery, does not refer to the contents or tenor of the writing or to the facts stated therein, but implies that the paper or writing is not genuine, that in itself it is false or counterfeit. Hence, although there is some authority to the contrary, as a general rule, forgery cannot be committed by the genuine making of an instrument for the purpose of defrauding.”
Also in 37 Corpus Juris Secundum, 36, Section 5, it is said:
“Subject to statutory variations, the false making or alteration of some instrument in writing is an essential element of the crime of forgery. The essence of the offence is the making of a false writing with the intent that it shall be received as the act of another than the party signing it * * *. Forgery cannot be committed by the making of a genuine instrument although the statements made therein are untrue. The term ‘falsely’ has reference not to the contracts or tenor of the writing, or to the fact stated in the writing, but it implies that the paper or writing is false, not genuine, fictitious, not a true writing, without regard to the truth or falsehood of the statement it contains. ’ ’
In 37 Corpus Juris Secundum, 42, Section 15, it is stated:
*91 “ * * * while there can be no forgery without a fraudulent intent * * * it does not follow that every intent to defraud, although coupled with a written instrument, is forgery. * * * Making * * * a writing genuine in itself, but containing false statements, is not within a statute providing a punishment for falsely making * * * a writing * *
In the annotation at 41 A. L. R., 229, it is said:
“The term ‘genuine making’ is employed in the annotation to denote cases in which the instrument * * * charged to have been forged, was in fact the writing of the person purporting to have executed it * * *. í Í * * #
“* * * the better view, and that supported by the majority opinion, is that under the common law and under statutes defining forgery in the substantial language of the common-law definitions, the genuine making of an instrument for the purpose of defrauding does not constitute the crime of forgery.
“To forge or to counterfeit is falsely to make, and an alteration of a writing must be falsely made to make it forgery at common law, or by a statute defining the crime substantially as defined by the common-law writers. The term ‘falsely,’ as applied to making or altering a writing in order to make it forgery, has reference not to the contracts or tenor of the writing or to the facts stated in the writing, because a writing containing a true statement may be forged or counterfeited as well as any other, but it implies that the paper or writing is false, not genuine, fictitious, not a true writing, without regard to the truth or falsehood of the statement it contains — a writing which is the counterfeit of something which is or has been a genuine writing, or one which purports to be a genuine writing or an instrument when-it is not.”
As the foregoing statements clearly indicate, our statute by defining a “false making” of a writing as a forgery has not thereby made something a forgery which was not within the common-law definition of a forgery. In short, those words were always used in defining the common-law crime of forgery.
Apart from the two Courts of Appeals’ opinions referred to therein, the majority opinion does not refer to any authori *92 ties dealing with the question whether one may be guilty of forgery either at common law or under a statute similar to the Ohio statute whore the act with which he is charged is the signing of his name to a check on a bank in which he had no account. The dearth of such authority is further indicated by the absence from Judge Fess’ opinion (which is quoted in the majority opinion) of reference to any cases considering that precise question; and that very dearth of authority on the question suggests that very few have heretofore even contended that one could be found guilty of forgery, as that crime is defined in our statute, where he signed his own name to a check on a bank in which he had no account even though he may have done so with intent to defraud and might be guilty of some other statutory crime by reason of his having done so.
Although recognizing that two other Ohio intermediate appellate courts had previously reached a different conclusion, Judge Fess, in support of bis conclusion which has been adopted as the basis for the conclusion in the majority opinion, relied principally on the cases of People v. Mau, 377 Ill., 199, 36 N. E. (2d), 235, and People v. Kubanek, 370 Ill., 646, 19 N. E. (2d), 573. The Mau case did not even involve a check. It involved the making of another kind of written instrument containing false statements with regard to facts that it was the legal duty of the maker thereof to state correctly. The Kubanek case involved the filling in of blanks in a check in a way not authorized by its maker and would seem to represent a decision contrary to that rendered by this court in Schryver v. Hawkes, 22 Ohio St., 308.
Apparently the only case on the precise question, other than Ohio intermediate appellate court decisions, is Wright v. United States (C. C. A. 9), 172 F. (2d), 310, holding that one who signs his own name as drawer of a check on a bank in which he has no account is not guilty of forgery under a statute, defining that crime as it is defined in the Ohio statute, even though he may have done so with intent to defraud.